**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Travis Lyons,<br><br>        Petitioner,<br><br>vs.<br><br>Judy Frigo, et al.,<br><br>        Respondents. | No. CV05-4018-PHX-SRB<br><br>**ORDER** |

On December 12, 2005, Petitioner filed his Petition for Writ of Habeas Corpus raising seven grounds for habeas relief. Petitioner asserted:

    1. ineffective assistance of trial counsel;

    2. ineffective assistance of appellate counsel;

    3. denial of due process because the trial court failed to hold a hearing before precluding a witness from testifying, failed to act on counsel's conflict of interest, and altered jury instructions;

    4. denial of due process by cumulative error;

    5. actual innocence;

    6. denial of meaningful access to the courts by denial of hybrid representation; and

    7. insufficient evidence.

1    Respondents answered on May 11, 2006, and Petitioner filed a reply on July 11, 2006.
2 On March 26, 2007, the Magistrate Judge issued his Report and Recommendation. The
3 Magistrate Judge concluded that Petitioner failed to fairly present to the state court and
4 therefore procedurally defaulted on the claims set out in his sixth ground for habeas relief.
5 With respect to that part of his third ground that he was denied a hearing on a request to call
6 a witness, the Magistrate Judge concluded that that claim was disposed of by the state court
7 on an independent and adequate state ground and was thus procedurally barred. With respect
8 to the remaining two parts of his third ground and grounds two, four, five and seven, the
9 Magistrate Judge found that those claims were also disposed of by the state court on the
10 independent and adequate state ground of Arizona's preclusion bar and were thus
11 procedurally barred.

12    The Magistrate Judge identified several claims within Petitioner's ground one for
13 ineffective assistance of trial counsel. With the exception of the claim of ineffective
14 assistance of trial counsel regarding failure to interview potential witnesses and failure to
15 argue the jury's expectation to hear testimony from a listed witness, the Magistrate Judge
16 concluded that the remaining claims were disposed of by the state court on the independent
17 and adequate state ground of Arizona's preclusion bar and were thus procedurally barred.
18 With respect to the only two properly exhausted claims relating to ineffective assistance of
19 trial counsel, the Magistrate Judge concluded that those claims were without merit and
20 should be denied. The Magistrate Judge recommended that the Petition for Writ of Habeas
21 Corpus be dismissed with prejudice on all grounds except those specifically identified
22 grounds of ineffective assistance of trial counsel which had been exhausted and as to those
23 two grounds he recommended that the petition be denied.

24    After receiving several extensions of time, the Petitioner filed his objections to the
25 Magistrate Judge's Report and Recommendation on August 8, 2007. Petitioner raises three
26 objections, all of which relate to the same factual argument. The Information filed against
27 Petitioner in state court alleged that "on or about the 20th day of February, 1998, without
28 lawful authority, [Petitioner] knowingly, controlled Mark Cassarino's truck, of a value of

1  $3,000 or more, but less than $25,000, knowing or having reason to know that the property
2  was stolen." Petitioner attached to his objections a copy of the title to the truck at issue. The
3  titled owner is Scot Cassarino. Mark Cassarino's trial testimony was that he had purchased
4  the truck in 1993 from a company in Oregon and used it for his work as a carpenter. At the
5  time the truck was stolen his carpentry tools were in a box in the back. Concerning the title
6  to the truck, he testified that it was in his brother's name, Scot Cassarino, because he had
7  originally bought the truck with his brother, Scot.

8        Petitioner attached great significance to the fact that the Information charged him with
9  controlling Mark Cassarino's truck when it was titled and registered in the name of Scot
10 Cassarino. He alleges that the state's failure to prove beyond a reasonable doubt that the
11 truck belonged to Mark Cassarino demonstrates Petitioner's actual innocence to the crime
12 of theft alleged against him.

13       There is no legal significance to the fact that the Information charged him with
14 controlling Mark Cassarino's truck but the title shows that Scot Cassarino was the registered
15 owner. The elements for the crime of theft alleged against Petitioner, which had to be proved
16 beyond a reasonable doubt, were that; 1) Petitioner, without lawful authority, knowingly
17 controlled the property of another, and 2) Petitioner knew or had reason to know that the
18 property was stolen. See, A.R.S. §13-1802 (A)(5). The elements of the crime do not require
19 proof beyond a reasonable doubt of the registered owner of the property Petitioner was
20 accused of having controlled. Whether Scot Cassarino or Mark Cassarino was the registered
21 owner of the vehicle is of no relevance to whether the Petitioner was guilty of the crime
22 charged. Evidence that Mark Cassarino was named in the Information as the owner but that
23 Scot Cassarino was the title holder does not show Petitioner's innocence. This factual
24 argument drives each of the three objections made by Petitioner. No other objections to any
25 of the findings and conclusions of the Magistrate Judge have been raised.

26

27       IT IS OVERRULING Petitioner's objections to the Magistrate Judge's Report and
28 Recommendation.

1    IT IS FURTHER ORDERED adopting the Report and Recommendation of the
2 Magistrate Judge as the order of this Court.
3    IT IS FURTHER ORDERED that, except of those portions of ground one asserting
4 ineffective assistance of trial counsel based on failure to interview potential witnesses and
5 failure to argue the jury's expectation to hear testimony from a listed witness, Petitioner's
6 Petition for Writ of Habeas Corpus is dismissed with prejudice.
7    IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus as to the two
8 grounds of ineffective assistance of trial counsel excepted above is denied.
9    IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

11    DATED this 31st day of August, 2007.

_____
Susan R. Bolton
United States District Judge